UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JEAN ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-00019-SNLJ |
| ) | |
| PAUL HOPKINS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

This matter is before the Court on plaintiff's Motion to Appoint Counsel. [Doc. 5.] In civil cases, a pro se litigant does not have a constitutional or statutory right to appoint counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

At this time the Court is not convinced that appointing counsel is necessary to serve the interests of justice. The Cour will thus deny plaintiff's motion. Nonetheless,

the Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will reconsider.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel [Doc. 5] is **DENIED** without prejudice at this time.

Dated this 10th day of June, 2024

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE