UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JEAN ALLEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:24-CV-00019-SNLJ |
| PAUL HOPKINS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Three matters are currently before the Court, including defendant's Motion to Substitute Defendants [Doc. 15], Motion for More Definite Statement [Doc. 17], and Motion for Summary Judgment [Doc. 25]. Each matter is fully briefed and ripe for adjudication. For the reasons below, the Court will grant the motion to substitute defendants, grant the motion for a more definite statement, and deny the motion for summary judgment.

### I. Background

Plaintiff Jean Allen was a nurse with the John J. Pershing Veterans' Administration Medical Center (the "VA"). During the Covid-19 pandemic, Allen temporarily worked from home. In November 2020, plaintiff asked to continue to work from home as a disability accommodation. In August 2021, Shounita Brooks—the VA's Reasonable Accommodation Coordinator—asked Allen to provide her exact diagnosis so that Brooks could continue with the accommodation process. Allen did not believe she needed to

provide her diagnosis, and thought it violated her Health Insurance Portability and Accountability Act of 1996 ("HIPAA") rights.  It was not until November 2021 that she eventually provided her diagnosis information.  [Doc. 17 at 1].

Malika Singh succeeded Brooks in her position, and on February 28, 2022, Singh forwarded a reasonable accommodation offer to Allen for a call center position.  Allen accepted and signed the offer, but only after she allegedly made changes that were not originally included.  It is unclear who added the provision.  Allen reported for duty on March 14, 2022, to begin training, but after a supervisor alleged that Allen falsified and forged the changes to the offer, the offer was revoked.  [Doc. 17 at 2].  Allen believes this was in retaliation for seeking disability accommodations and the consequence of lies. [Doc. 3 at 5-6].

**II.   Defendants' Motions to Substitute Defendants [Doc. 15]**

"Under statutory law, where a Plaintiff charges discrimination in employment by the federal government, the appropriate defendant is the head of the department, agency, or unit, as appropriate." *Stipe v. Dep't of Veteran Affairs*, 2007 WL 9805602, at *1 (E.D. Mo. Apr. 6, 2007) (internal quotation omitted).  Although plaintiff concedes defendants Brooks, Johnson, Law, Neely, Singh, Smith, Stewart and Venable should be substituted, she opposes the removal of defendants Hopkins and Newton on the grounds that they are the heads of their departments.  [Doc. 21 at 3-4, 7-8].  Although Hopkins and Newton are perhaps the "'heads' of their respective areas," as plaintiff notes, the proper named defendant is merely the "head of the department, agency," or unit as a whole.  [Doc. 21 at 7-8].  42 U.S.C. § 2000e-16(c).

When this motion was filed, Denis McDonough was the Secretary of the Department of Veterans Affairs.  As of February 5, 2025, however, Douglas A. Collins is the Secretary of Veterans Affairs.  Therefore, Collins shall be the named defendant moving forward in this suit.

**III.   Defendants' Motion for a More Definite Statement or to Dismiss [Doc. 17].**

Defendants ask for a more definite statement pursuant to Fed. R. Civ. P. 8 and 12(e). Defendants have identified a number of missing facts necessary for a properly pled cause of action. Plaintiff Allen responded by providing a number of documents and evidence in her opposition memoranda. [Doc. 20]. Because Allen is *pro se*, "pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney…That said, a *pro se* litigant is not excused from complying with procedural rules." *Cooper v. Embassy Suites by Hilton*, 2020 WL 4260756, at *2 (E.D. Mo. July 24, 2020) (internal citations omitted). At the same time, "[p]laintiff cannot add factual allegations to her Complaint with a legal memorandum." *Turner v. Ferriero*, 2022 WL 13689791, at *2 (E.D. Mo. Oct. 21, 2022).

Plaintiff has asked this Court to "remove" various claims from her complaint as well as to consider information supplemented via her various memoranda.  [Docs. 20-21, 24, 32-33, 35].  Plaintiff may not amend her complaint by interlineation. *Burton v. Hoskins*, 2013 WL 1352041, at *1 (E.D. Mo. Apr. 2, 2013).  This Court has previously held:

> All claims in an action must be included in one, centralized complaint form. Plaintiff is required to submit [her] amended complaint on a court-provided form. Plaintiff must clearly state the defendants which [she] is pursuing allegations against, and [she] must articulate for each of those defendants the factual circumstances surrounding their alleged wrongful conduct.

3

*Id.*

This Court will give plaintiff 30 days to file a second amended complaint properly establishing her cause of action. Plaintiff is reminded that her amended complaint will completely replace all earlier-filed complaints, and any claims not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). *See also Burton v. Hoskins*, 2013 WL 1252041 at *1 (E.D. Mo. Apr. 2, 2013).

### IV. Defendants' Motion for Summary Judgment [Doc. 25]

At this time, the Motion for Summary Judgment will be denied as moot because plaintiff Allen has been given leave to file a Second Amended Complaint.

**IT IS HEREBY ORDERED** that defendants' motion to substitute defendants [Doc. 15] is GRANTED.

**IT IS HEREBY ORDERED** that defendant Moore's motion for more definite statement [Doc. 17] is GRANTED.

**IT IS HEREBY ORDERED** that plaintiff Allen be given 21 days to file her Second Amended Complaint clarifying her cause of action.

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. 25] is DENIED as moot.

Dated this 24th day of February 2025.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE